# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| STEVEN-ORTON HOUSE OF STEELE, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> STATE OF TEXAS, ET AL., § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:22-CV-00697-ALM-CAN |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On August 11, 2022, *pro se* Plaintiff Steven-orton house of Steele ("Plaintiff") filed a Complaint in the Eastern District of Texas [Dkt. 1]. On that same date, Plaintiff filed his "Motion to Proceed Without Cost" which contains a request to proceed *in forma pauperis* [Dkt. 2]. On September 16, 2022, the Court denied Plaintiff's Motion, finding it deficient and ordering Plaintiff "to either pay the filing fee in this action or file a complete motion to proceed *in forma pauperis*" [Dkt. 6 at 2]. The Court expressly warned Plaintiff that "[f]ailure to comply with this order may result in a recommendation of dismissal" [Dkt. 6 at 2]. On September 23, 2022, the Clerk's office orally informed Plaintiff that his Motion had been denied and that he had until October 7, 2022, to pay the filing fee or file a new motion for *in forma pauperis* status [*See docket generally*]. In addition, on September 26, 2022, Plaintiff himself acknowledged receipt of the Court's September 16 Order [Dkt. 8]. To date, Plaintiff has failed to pay the filing fee or submit a complete motion to proceed *in forma pauperis*. It is Plaintiff's responsibility to pay the required filing fee. Plaintiff has failed to prosecute this case in compliance with the Court's Order [Dkt. 6]. *See* Fed. R. Civ. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Order requiring payment of the full filing fee or submission of a complete *in forma pauperis* request [Dkt. 6]. Thus, the present case should be dismissed. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed"), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1]

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's order requiring payment of the initial partial filing fee, payment of the full filing fee upon his release from confinement, and he has not filed any other request for relief since the most recent Order. Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).  *See* Fed. R. Civ. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of October, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE